The Pittsburgh, Cincinnati and St. Louis Railroad Company *v.* Kitley.

Filed April 2, 1889.

———◆———

No. 11,637.

THE PITTSBURGH, CINCINNATI AND ST. LOUIS RAILROAD COMPANY *v.* KITLEY.

RAILROAD.—*Obstruction of Highway.*—A railroad company which leaves its cars standing in a public highway is guilty of an unlawful obstruction thereof, under sections 1964 and 2170, R. S. 1881, notwithstanding it may leave a portion of the center of the roadway open for the passage of vehicles.

SAME.—*Car Standing in Highway.*—*Frightened Horse.*—*Personal Injury.*—*Complaint.*—In an action against a railroad company for damages, the complaint is sufficient, as against a demurrer, if it alleges that the plaintiff was injured by reason of her horse becoming frightened at a car negligently left standing in a public highway along which she was lawfully driving, without alleging that there was anything peculiar or unusual about the car likely to frighten horses.

SAME.—*Negligence of Employees.*—*Averment as to.*—A general allegation in the complaint that a car was negligently placed and allowed to remain in the highway by the employees of the defendant, is sufficient to charge the latter with negligence, without specifying the particular employees or pointing out their duties with respect to the moving of cars.

SAME.—*Evidence.*—*Erroneous Admission.*—*When Party Estopped to Complain.*—Where the defendant, over the objection of the plaintiff, secures a ruling admitting testimony that horses had passed the obstruction in the highway without becoming frightened, it can not complain of the

admission of testimony upon the same subject in rebuttal, even if such evidence is incompetent.

From the Marion Superior Court.

*T. A. Hendricks, C. Baker, O. B. Hord, A. W. Hendricks, A. Baker* and *E. Daniels,* for appellant.

*A. C. Ayres, E. A. Brown* and *L. M. Harvey,* for appellee.

OLDS, J.—This is an action brought by the appellee against the appellant for damages resulting to the appellee by reason of her horse becoming frightened at a car negligently left standing upon the railroad track of appellant at a highway crossing, causing the horse to become unmanageable, running away and throwing appellee from her buggy and severely injuring her.

The errors assigned and discussed by counsel for appellant in their brief are the overruling of the demurrer to the complaint and the overruling of the motion of appellant for a new trial.

After some formal allegations the complaint avers that on the 16th day of April, 1882, the defendant (the appellant) was using and operating a line of railway between the city of Columbus, in the State of Ohio, and Indianapolis, in the State of Indiana, which line passed through the town of Cumberland, Marion county, Indiana ; that for two days before said 16th day of April, 1882, the employees of said road carelessly and negligently placed a car, which was used by said company, the defendant, in carrying freight over the line of its said road track, in the public highway crossing said track, leading from the town of Cumberland to the home of the plaintiff, about five miles south of Cumberland, in such manner that the wheels under the east end of said car were standing on or near the west end of a plank roadway in about the center of said highway, which plank way had been provided as a crossing of said railroad track, and the east end of said car was nearly in the center of said public highway, partially obstructing the passage ; that the employees of said

defendant carelessly and negligently caused and allowed said car to so remain partially obstructing said highway, from the time it was so placed there until after the happening of the accident hereinafter set out; that another car used for the same purpose was standing over a cow-pit to the east side of said highway, and that on the 16th day of April, 1882, plaintiff was travelling with one Jennie Tishner, in a buggy drawn by a horse which she had been accustomed to drive, and which was a very gentle animal, along said public highway so leading from said town of Cumberland, which highway was the nearest and most direct route from said town to her home, and which crosses the defendant's road track, which passes through said town as above stated; that she attempted to cross said road track through the space left between said cars, which was the only place for her to cross said track, turning a little to the east so as to have room to pass, and she says she approached said crossing with due care, but just as the horse reached said track he became frightened at the car so wrongfully placed and left standing in said road to its right, and commenced backing and rearing, and, becoming unmanageable, threw this plaintiff from said buggy upon the ground, also throwing the other occupant of the buggy, who was a large and heavy woman, upon her; that she was a married woman, and in delicate condition, and was so hurt by the fall that she could not walk. Other allegations describe the nature and extent of the injury, and allege that said accident occurred without plaintiff's fault, or the fault of the young lady riding with her, contributing thereto.

The objections urged to the complaint by counsel for appellant are: First. That there is no allegation in the complaint as to why the horse became frightened at the car; that a car is not of itself a thing likely to frighten a horse, any more than a tree or a house, and that to make the complaint good it should allege that there was something peculiar and unusual about the car, likely to frighten a horse. This objection, if tenable at all, could not be reached by demur-

rer. The complaint does allege that "the horse became frightened at the car," and this allegation is sufficient. There would be some force in the argument of counsel if addressed to a motion to make the complaint more specific, yet even as against such a motion we think the complaint would be good ; but the complaint is clearly good as against a demurrer on account of this objection. In the case of *Brookville, etc., T. P. Co.* v. *Pumphrey*, 59 Ind. 78, the complaint alleged that the appellee's horse became frightened at a hole in the turnpike ; that appellants had allowed the turnpike to get out of repair, and the floods had washed a hole near the center of the road, and appellants had negligently allowed it to so remain out of repair, and while appellee was riding on horseback upon the turnpike, her horse took fright at the hole and threw her, inflicting severe injuries. The allegations in the two complaints are quite similar, and the complaint in that case was held good. There is, in the language of counsel for appellants, nothing "Gorgon like" about a hole in the ground, even when it is a hole in a turnpike ; yet it was unlawfully there, and the lady's horse became frightened at such unlawful obstruction and threw her, and the court held the complaint good and the turnpike company liable. So, in this case, the car was negligently allowed to remain upon the track at the crossing of the highway ; it was an unlawful obstruction of the highway, and the appellee's horse became frightened at such unlawful obstruction, and became unmanageable and ran away and injured her, without any fault on her part. We do not hold that there is anything about a car that, if, while in lawful use by a railroad company, a horse would become frightened at it and run away and injure a person, the company would be liable, but in this case there was an unlawful use made of it. It was being used as an obstruction of the highway, and while occupying such unlawful position the horse became frightened at it. Had the company been using the car for a lawful purpose, it would have been removed from the highway two days before the injury, as ap-

pears from the allegations of the complaint, and the horse of the appellee would not have been frightened by such unlawful obstruction, placed and allowed to remain in the highway by appellant. *Clinton* v. *Howard*, 42 Conn. 294.

It is further urged by counsel for appellant that the appellant company had the right to use all of the highway, except the plank crossing, for the purpose of standing cars upon their track; that the car was rightfully upon the crossing.

Such obstruction of a public highway is expressly prohibited by statute. See sections 1964 and 2170, R. S. 1881; *Cleveland, etc., R. W. Co.* v. *Wynant*, 100 Ind. 160; *Young* v. *Detroit, etc., R. W. Co.*, 56 Mich. 430.

The further objection to the complaint is, that it does not aver that the appellant negligently placed or left the car upon the highway; that the complaint must specifically allege what employees placed or left the car upon the track, and that it was the duty of such employees to have removed the car; that, for aught that appears in the complaint, it might have been placed and left upon the highway by employees of the company having nothing to do with the moving of cars for the appellant; that it may have been placed there by clerks or office boys.

In view of the allegations of the complaint, the court will not indulge in such wild speculation. The complaint avers that "two days before the said 16th day of April, 1882, the employees of said road carelessly and negligently placed a car, which was used by said company, the defendant, in carrying freight over the line of its said road track, in the public highway crossing on said track, in such a manner that the wheels under the east end of said car were standing on or near the west end of a plank roadway in about the center of said highway;" and, after fully describing its situation, it avers that "the employees of said defendant carelessly and negligently caused and allowed said car to so remain, partially obstructing said highway, from the time it was so placed there until after the happening of the accident."

The charge, both as to placing the car on the highway and allowing it to remain, is as to all the employees of the company; it is broad enough to, and does, include the employees whose duty it was to move cars and to remove cars from improper places, and whose duty it would have been to have placed it at some other point than upon a highway crossing, and to have removed it after it was placed there.

The charge is general, but if the appellant desired to have it specific it was its duty to have made a proper motion in the court below. The complaint is not objectionable to a demurrer, and the demurrer was properly overruled. *Mann* v. *Central Vermont R. R. Co.,* 55 Vt. 484.

There are numerous objections urged to charges given and refused by the court. Those most strongly urged are based upon the same theory upon which it has been urged that the complaint is insufficient. We do not deem it proper to extend this opinion by setting out the charges. There was no error committed by the court either in the giving or refusing of the charges pointed out by counsel for appellant.

There is another cause urged for a new trial, that is, admitting certain witnesses to testify that their horses became frightened at the same car while it remained an obstruction in the highway.

It is unnecessary to decide whether this evidence was proper or improper, as it was introduced in rebuttal of the evidence of a witness on behalf of appellant, who had testified that he had seen horses pass there and they were not frightened, particularly the horses of those witnesses who testified in rebuttal. Objection was made to the testimony of appellant's witness, which was overruled. Objection was not made to each question, but it was not necessary. Appellant offered such testimony, and there was an objection made by counsel for appellee, and appellant obtained a ruling in its favor. It can not be heard to complain because the appellee met its testimony by testimony of like character. A party must be consistent; he can not advocate a theory

until he has obtained the admission of evidence in his own behalf upon such theory, and then renounce it, and gain the benefit of an erroneous ruling, which he was the first to ask the court to make. This is a doctrine well settled in this court. *Meranda* v. *Spurlin*, 100 Ind. 380; *Lowe* v. *Ryan*, 94 Ind. 450; *Nitche* v. *Earle*, 117 Ind. 270.

There is no error in the record for which the judgment ought to be reversed.

Judgment affirmed, with costs.

Filed April 2, 1889.