ANN KIERNAN *vs.* METROPOLITAN CONSTRUCTION COMPANY.

Suffolk.    November 16, 1897. — February 28, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Damage to House by Fire caused by Obstruction of Hydrant.*

Whether a company engaged in constructing a sewer in the street of a city has a right to cover a hydrant located upon the sidewalk in front of a house and to attach its own hose to it or not, it has no right to prevent or obstruct firemen from using the hydrant to extinguish a fire in the house, and, in an action by the owner of the house against the company, if there is evidence that the de-

fendant company did so obstruct the firemen, a ruling that the plaintiff cannot recover for damage which resulted from the failure of the fire department to connect its hose with the hydrant cannot properly be given.

TORT, for damage by fire to the plaintiff's house in Chelsea and the furniture therein, alleged to have been caused by the obstruction of a hydrant in front of the house by the defendant company, which was engaged at the time in the construction of a sewer.

At the trial in the Superior Court, before *Fessenden*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, the nature of which appears in the opinion.

The case was argued at the bar in November, 1897, and afterwards was submitted on briefs to all the justices.

*C. F. Kittredge*, for the defendant.

*L. M. Child*, for the plaintiff.

BARKER, J. The plaintiff's house was on fire, and upon the sidewalk in front of it there was a fire hydrant connected with a water service. The fire department of Chelsea came to put out the fire, and attempted to use the hydrant. It was covered in part or wholly by a barrel filled with hay placed over it by the defendant, and all the outlets of the hydrant were so covered but one, to which was connected a hose placed there by the defendant, and used by it in running a steam engine which the defendant was using to construct a sewer. There was no other hydrant in the immediate vicinity. Although there was conflicting testimony, there was evidence tending to show that the defendant's servants objected to the use of the hydrant by the fire department, and for a time prevented its use by them in extinguishing the fire, and the jury found specially, in answer to a question put by the court, that the firemen were obstructed by the defendant in the use of the hydrant, and, under instructions not excepted to, found for the plaintiff.

The only exception is to the refusal of the court to rule that the plaintiff could not recover for damage which resulted from the failure of the fire department to connect the department's hose with the hydrant. The request was rightly refused, because there was evidence tending to show that that failure was due to the defendant's act in obstructing the use of the hydrant by the firemen. The hydrants were especially provided as a

means of putting out fires, and the plaintiff had a right to have that hydrant used by the fire department to extinguish the fire in her house if it chose to do so.

Whether the defendant had a right to cover the hydrant and to attach its own hose to it or not, it had no right to prevent or obstruct firemen from using the hydrant to extinguish a conflagration, and, there being evidence that the defendant did so obstruct the firemen, the ruling that the plaintiff could not recover for damage which resulted from the failure of the fire department to connect its hose with the hydrant could not properly be given.

While it is true, as the defendant contends, upon the authority of *Tainter* v. *Worcester*, 123 Mass. 311, that there was no obligation upon the city to extinguish the fire, it does not follow that the plaintiff was not deprived of anything to which she had a legal right if the defendant obstructed the firemen in getting water from the hydrant. She had a legal right to have firemen get the water, if they chose to do so, from a supply provided especially for that purpose; and while the obstruction of the fire department by this defendant may not have been a crime, as was the running of the train on the Lord's day by the defendant in *Hyde Park* v. *Gay*, 120 Mass. 589, it was a tortious and wrongful interference with persons engaged in putting out a fire, as was that of the defendant in *Metallic Compression Casting Co.* v. *Fitchburg Railroad*, 109 Mass. 277.          *Exceptions overruled.*