Becker *v*. State.

# BECKER *v*. THE STATE.

[No. 5,282.   Filed May 24, 1904.]

RAILROADS.— *Obstruction of Street.— Affidavit.*—Section 2291 Burns 1901 defines two offenses—permitting a train to stand across a street, and stopping a train across a street and failing to leave a designated space— but the last act may be said to be but a continuation of the first, and an affidavit charging both acts is not bad for duplicity.  *pp. 261, 262.*

SAME.—*Obstruction of Street.—Affidavit.*—An allegation in an affidavit in a prosecution, under §2291 Burns 1901, for obstructing a street with a train of cars used in carrying freight, that defendant had charge of running a railroad freight-train and freight-cars is sufficient without alleging that the train in charge of defendant was carrying or used for carrying freight. ' *p. 262.*

SAME.—*Obstruction of Street.—Evidence.— Railroad Train.— Cut of Cars.—* Evidence that defendant had charge of a cut of cars which were being switched from place to place for the purpose of setting cars at different places was sufficient to warrant a conviction under §2291 Burns 1901. *pp. 262, 263.*   .

From Laporte Superior Court;  *H. B. Tuthill,* Judge.

William Becker was found guilty of obstructing a street with a train of cars, and he appeals.   *Affirmed.*

*E. C. Field, H. R. Kurrie* and *J. F. Gallaher,* for appellant.   .

*C. W. Miller,* Attorney-General, *C. C. Hadley, L. G. Rothschild* and *W. C. Geake,* for State.       .

ROBINSON, J.—Transferred from the Supreme Court under act of March 12, 1901.   Appellant was found guilty and fined for obstructing a highway with a freight-train. The affidavit charges that at a time and place named appellant "did then and there have charge of running a railroad freight-train and freight-cars as switchman, and did then and there unlawfully suffer and permit and allow said freight-train and freight-cars to remain standing across a certain public street then and there situate in the city of Michigan City in said county, to wit, Franklin street, for

the space of five minutes, without leaving sixty feet of space across said street, and did then and thereby obstruct said street," contrary to the statute. The statute provides that "whoever being a conductor or other person having charge of or running a railroad train carrying or used for carrying freight permits or suffers the same or any car or locomotive engine composing the same to remain standing across any * * * street, * * * or who, whenever it becomes necessary to stop such train across any * * * street, * * * fails to leave a space of sixty feet across such * * * * street, * * * shall be fined not more than $20 nor less than $3." §2291 Burns 1901. The statute defines two offenses—permitting the train to stand across the street, and stopping the train across the street and failing to leave the space designated. However, the last act may be said to be but a continuation of the first. The acts charged constitute but a single offense. *Davis* v. *State,* 100 Ind. 154; *Fahnestock* v. *State,* 102 Ind. 156.

Objection is made to the affidavit that it does not allege that the train in charge of appellant was carrying or used for carrying freight. But the allegation that appellant had charge of running a railroad freight-train and freight-cars is sufficiently certain to inform the court and jury what they were to try, and the defendant what he was to answer to, and from such a record it could be determined for what the defendant had once been put in jeopardy. *Whitney* v. *State,* 10 Ind. 404; *McLaughlin* v. *State,* 45 Ind. 338; Gillett, Crim. Law (2d ed.), §125.

It appears from the evidence that appellant had charge of a cut of cars which were being switched from place to place for the purpose of setting cars at different places to be used in the consignment of freight, and it is argued that the statute does not apply to a car, or cut of cars, but to a completed train, ready for movement from station to station. The act, prior to 1893, made it an offense to

permit a railroad train carrying or used for carrying freight to remain standing across a street, but it is now an offense to permit the train, or any car or locomotive engine comprising the same, to remain standing across the street. The material question in such a case is whether the street was obstructed by a railroad train or cars used for carrying freight, so as to prevent its use as a public thoroughfare. Admitting the technical distinction between a railroad train and the train and cars here in question, yet we think the charge contained in the affidavit is within the spirit and intent of the statute. An exceptional case might arise where a strict enforcement of this statute may work a hardship and injustice, but such a case is not made by the evidence in this case.

The statute makes no exception of a case where the obstruction of the street is necessary to the conduct of the business of the company. That the statute might work a hardship in some cases, or greatly inconvenience the company in transacting its business, is not sufficient to authorize the court to read an exception into the statute. It may have been necessary to obstruct the street in doing the work appellant was doing, but this would be determined from all the conditions existing at the time, and might or might not be equivalent to saying that it was not possible to place the cars without obstructing the street. The facts disclosed in this particular case do not show that the statute is unreasonable or exacting in its nature. No doubt conditions might exist that would excuse the obstruction of a street, and prevent the enforcement of the letter of the statute, but such a case is not here presented.

In the fourth instruction the court enumerated certain facts which it characterized as the gist of the action. Complaint is made of the instruction that all essential facts necessary to be shown to establish guilt were not included. But the instruction does not purport to tell the jury what facts must be proved to establish appellant's guilt. It does

not tell the jury that, if they find certain facts to exist, they should find appellant guilty. Had the instruction attempted to set out all the facts necessary to a conviction, and concluded by telling the jury that appellant's guilt was proved if the evidence established these facts, appellant's objection would be well taken. But the instruction does not attempt to do this.

Judgment affirmed.