LITTLE ROCK TRACTION & ELECTRIC COMPANY *v.* MCCASKILL.

Opinion delivered April 22, 1905.

FIRE—PROXIMATE CAUSE OF DAMAGE—CUTTING HOSE.—Where a street car company severed the hose through which firemen were throwing a stream upon a burning building, whereupon furniture contained therein, which otherwise could have been saved, was consumed for want of water to extinguish the fire, the act of cutting off the hose is to be regarded as the proximate cause of the injury.

Appeal from Pulaski Circuit Court.

EDWARD W. WINFIELD, Judge.

Affirmed.

This was an action of tort against a street railway company for negligently severing a line of hose laid across defendant's track in Little Rock, and thereby cutting off in part the supply of water from a fire which was consuming plaintiff's furniture in the house which he was occupying, and which could have been saved if the hose had not been severed. The substance of the evidence is stated in the opinion of the court.

At the instance of plaintiff, the court instructed the jury as follows:

"1. The jury is instructed that it is the duty of the defendant in the operation of the cars to have its employees in running its cars to maintain such watchfulness and precaution as are fairly proportionate to the danger to be avoided, judged by the standard of common prudence and experience, or, in other words, to have its employees exercise such care as a reasonably prudent man under the peculiar circumstances of the case would exercise, and a failure of the defendant's employees to exercise such care would render the defendant guilty of negligence.

"2. The jury is instructed that it is the duty of the motorman in the operation of the cars to keep a lookout for persons and property that may be upon the track, and his failure to do so is negligence.

"4. The jury is instructed that if they find that the fire hose was negligently cut by defendant's car, and the flow of water was thereby diverted from the house which was being consumed by fire and in which plaintiff's goods were, and that such diversion of the water severely impaired the power of the fire company in its efforts to control and subdue said fire, and thereby rendered it impossible for the plaintiff to rescue from said fire and save a large amount of property, which, in the absence of the cutting of said hose and the consequent impairment of the water supply, the plaintiff could and would have saved, you will find for the plaintiff.

"6. The jury is instructed that if you find for the plaintiff you will assess as his damages the fair market value of the goods which he was prevented from saving as the result of the cutting of said hose by the defendant's car, or which, in the

absence of the cutting of said hose, he could and would have saved."

The court further instructed the jury as follows:

·     "If you find there was negligence by defendant, any loss to plaintiff thereby which you undertake to compensate in damages must be such as is directly attributable to such negligence; not such as might or could have resulted, but such as did result from such negligence."

Defendant requested the following instructions, which were refused:

"1.   You will find for the defendant.

"2.   You are instructed that the damages sought to be recovered in this case are too remote and speculative to be estimated by a jury, and your verdict must be for the defendant.

"3.   As it was not shown that there was anything to advise the motorman in charge of the car that the hose was across the track, he was not negligent in failing to keep a lookout for it, and your verdict must be for the defendant.

"4.   All that the law exacted of the defendant was ordinary care not to cut the hose after becoming aware that it was stretched across the track; and if there was no notice to the defendant or its servants of the position of the hose, and the motorman did not see it before running over it, you will find for the defendant."

There was a verdict for the plaintiff.   Defendant appeals.

*Rose, Hemingway & Rose* and *Cantrell & Loughborough,* for appellants.

The consequences were too remote to make appellant liable. 1 Robertson, 585; 24 Barb. 273; 18 Wend. 223; 11 Metc. 290; 2 Hill, 217; 21 Wend. 342; 19 Johns. 223.

*John Hallum,* for appellee.

The damages sustained by plaintiff cannot be reduced by the amount of insurance received.   2 Am. & Eng. Enc. Law, 690; 100 Ia. 16; 105 Mo. 154; 103 Mass. 220; Suth. Dam. 242; 105 Mass. 213; 30 Me. 253; 71 N. Y. 579; 72 N. Y. 76; 102 Ind. 478; 59 Ind. 317; 40 S. W. 635; 42 Ark. 321.

HILL, C. J.  McCaskill's house was burning in the night time, and three streams of water were playing upon it, one from a hose crossing Markham street which lay across the street car track.  The hose was four or five inches in diameter, and the street brilliantly illuminated from the burning building which was near by.  A car of appellant company ran over the hose, and cut it on each rail.  There was no reason why the motorman could not have seen it for a long distance.  He denies seeing the hose, but tells of watching the fire as he came near it.  McCaskill's evidence tended to prove that the cessation of water from the hose stopped the work of taking furniture out of the burning house, and that the fire was in such a state of control that most of his furniture could have been rescued if this stream of water had not suddenly ceased.  The evidence conflicted, and the issues went to a jury, and a verdict for McCaskill resulted.  The Reporter will set out the instructions and the substance of the testimony.

The appellant presents the case of *Mott* v. *Hudson River Ry. Co.*, 1 Robertson, 585, as conclusive against appellee's action. This is a decision of the Superior Court of the City of New York, and the case in question was heard and determined before Justices ROBERTSON, WHITE and BARBOUR, and decided in 1863. The point reaching to this case is thus stated in the syllabus: "Damages caused by the spreading of a fire, in consequence of the defendant's negligently injuring a hose actually in use in extinguishing it, whereby the only supply of water available for the purpose was stopped, are too remote to sustain an action." Justice WHITE, in a dissenting opinion, pointed out that cutting a fire hose in an instance remotely causing loss would not be actionable, and then added: "But in the present instance the hose was actually carrying water upon the plaintiff's burning building and rapidly extinguishing the fire, when it was cut. The plaintiff was instantly deprived by this act of the flow of water upon his house, and the flames that had been going out under the action of the hose immediately rose and destroyed that and other property owned by him.  It would be difficult to state a case of more direct or immediate damage resulting from a specific act."  The same question came before the Supreme Judicial Court of Massachusetts in 1872, and the Mott case was cited as

first in a long list of cases relied upon by the appellant, but it did not receive notice in the opinion. After discussing the question and reviewing cases on proximate causes, the court said: "The law regards practical distinctions, rather than those which are merely theoretical; and practically, when a man cuts off the hose through which firemen are throwing a stream upon a burning building, and thereupon the building is consumed for want of water to extinguish it, his act it to be regarded as the direct and efficient cause of the injury." *Metallic Compression Casting Co.* v. *Fitchburg Ry. Co.,* 109 Mass. 277.

The high standing of the Massachusetts court, the sound reasoning given, reinforced by the able dissenting opinion in the Mott case, impel the court to follow it, rather than the Mott case.

No other questions are presented, and the judgment is affirmed.