proper now to set aside the verdict and grant a new trial upon this ground. The defendants should have proceeded with the case more expeditiously, if they desired a retrial of the case for this reason. It cannot be said that there was such a delay in filing the mortgage after it was given that it was not filed as provided by the statute, and therefore the presumption of fraud was a conclusive one, under section 1, c. 279, p. 402, Laws 1833. There was a delay of less than two days, which was not unreasonable. The court, on the trial, was asked to charge that such delay was unreasonable, and very properly refused so to instruct the jury.

We think there are no other reasons suggested, no errors in the admission of evidence, or in charging the jury that call for a reversal of the judgment or order.

Judgment and order affirmed, with costs. All concur.

---

PHENIX INS. CO. OF BROOKLYN v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. November 13, 1907.)

RAILROADS—OPERATION OF TRAINS—NEGLIGENCE—CUTTING FIRE HOSE—SUFFICIENCY OF EVIDENCE.

In an action against a railroad company, which ran its train over and cut hose laid across the tracks, thereby delaying the extinguishment of a fire and causing it to extend to property which would otherwise have been saved, evidence examined, and *held* sufficient to warrant a finding that defendant's engineer and fireman knew that the hose was lying across the track.

Kruse, J., dissenting.

Appeal from Trial Term, Erie County.

Action by the Phenix Insurance Company of Brooklyn, N. Y., against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, and an order denying a new trial upon the minutes, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Pooley & Spratt, for appellant.
Bushnell & Metcalf, for respondent.

WILLIAMS, J. The judgment and order should be affirmed, with costs. The action was brought to recover damages to property by fire, caused by the negligence of the defendant. The property belonged to the Griffin Car Wheel Works, of Buffalo, N. Y. The plaintiff had insured it, and after the occurrence of the fire they paid the loss and took an assignment of the claim for damages against the defendant. The claim made was that while the fire was burning, and the fire companies were engaged in extinguishing it and had their hose across the tracks, the defendant ran its train over the hose and cut them, thus delaying the operations of the firemen, so that the fire, which was under control, extended to and destroyed property that otherwise would have been saved. The court submitted to the jury the questions:          (1)

Whether the defendant, or those operating the train, knew that the hose was lying across the track, and with such knowledge passed over and cut them. (2) Whether the cutting of the hose was the cause of damage to the property which would not otherwise have been suffered, and the amount of such damage.

First. The liability of the defendant was made by the court to depend upon knowledge of the engineer and fireman that the hose was lying across the track. The court held that anything short of this would be insufficient. The finding of the jury necessarily involved a finding of such knowledge, and the appellant claims that such finding was contrary to the evidence. The plaintiff gave evidence by several witnesses, which, in the first instance, was sufficient to show knowledge. The jury might infer that the fireman understood the information given him at Black Rock station by Lieut. Turnbull and communicated the same to the engineer before the train was started from that place. The jury might infer that the engineer heard and understood the information given him by Fireman Eighmiller near Forest avenue. The defendant called the engineer and fireman, however, and they testified that they did not understand what was said by Turnbull and Eighmiller. The credibility of all these witnesses was for the jury, and they were not obliged to believe the engineer and fireman, when they denied the information given by the plaintiff's two witnesses was heard or understood by them. In addition to this, the engineer and fireman were apparently somewhat discredited by reason of the surroundings. They knew that there was a large fire in the locality. They must have appreciated that hose were liable to be lying across the track. There were firemen running about and swinging their lanterns in front of the train, trying to signal and stop it. The exercise of a little care and caution would have enabled the engineer and fireman to learn the real conditions; but the train was run along, and was only stopped when it struck the hose. We are not willing to interfere with the finding of the jury, based upon all this evidence, that the men operating the train knew that the hose was lying across the track, and with such knowledge run over and cut it.

Second. The evidence was also sufficient to support the finding of the jury that the fire, at the time the hose were cut, was under control, and would have been confined to foundry C, and that the cutting of the hose took the water from the fire from six to ten minutes, and the fire during that time extended to foundry B and caused the damage complained of. The evidence tended to show such damage was much larger than the amount for which the verdict was rendered, $11,-250, exclusive of interest. We see no reason to interfere with the finding of the jury upon this branch of the case.

Judgment and order affirmed, with costs. All concur, except KRUSE, J., who dissents.