## CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* TAUER.

[No. 21,953. Filed December 12, 1911.]

1. RAILROADS.—*Stopping Freight-trains on Crossings.—Complaint.* —A complaint alleging that defendant railroad company stopped its freight-train on a street crossing, thereby obstructing such street for ten minutes, shows the commission of a misdemeanor. p. 624.

2. NEGLIGENCE.—*Violation of Statutory Duty.—*The violation of a statutory duty constitutes negligence *per se;* and where such violation is the proximate cause of an injury, in the absence of contributory negligence on the part of the plaintiff, the violator is liable. p. 624.

3. RAILROADS—*Obstructing Street Crossing.—Fires.—Obstructing Access to.—Contributory Negligence.—Negativing.—Complaint.—* A complaint alleging that plaintiff's building caught on fire, that the fire company started with the necessary equipment to extinguish such fire, that defendant railroad company's freight-train obstructed for ten minutes the street over which the equipment was brought, that the engineer refused to move off the crossing, that by reason thereof the plaintiff's building was burned and "that all of said damages and the destruction of said greenhouse and contents were the direct and proximate result of the carelessness and negligence of said defendant as herein averred," sufficiently shows negligence as the proximate cause of plaintiff's

loss, but is fatally defective for want of an allegation of freedom from contributory negligence, the quoted allegation being insufficient for that purpose. p. 625.

4. RAILROADS.—*Damages to Property.*—*Contributory Negligence.*—*Instructions.*—Where an action against a railroad company for obstructing a street, thereby preventing a fire company from extinguishing the fire in plaintiff's building, to his damage, was submitted to the jury on the theory that it was unnecessary for the complaint to negative contributory negligence, an instruction that if the jury finds "from a preponderance of all the evidence in the case that plaintiff was guilty of any act of negligence that proximately" contributed to his damage, he cannot recover, is erroneous. p. 630.

From Boone Circuit Court; *Willett H. Parr,* Judge.

Action by Paul O. Tauer against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1405 Burns 1908 Acts 1901 p. 590. *Reversed.*

*Samuel M. Ralston, L. J. Hackney, Frank L. Littleton* and *Bert Winters,* for appellant.

*Shelby & Worley* and *Wymond J. Beckett,* for appellee.

Cox, J.—This appeal is in an action for damages to personal property, occasioned by fire that originated on appellee's premises within the corporate limits of the city of Lebanon. The damages are alleged to have been aggravated by the negligence of appellant in delaying the city firemen in charge of the fire apparatus on the way to the scene of the fire, by obstructing, with one of its freight-trains, a street along which they had to pass.

From a verdict and judgment in favor of appellee for $2,500, this appeal is taken.

Appellant first relies on the action of the trial court in overruling its demurrer to the complaint.

The first objection to the complaint is that its allegations do not serve to show that obstructing the street leading to the scene of the fire was the proximate cause of appellee's damages; that it appears from the facts alleged that the

connection between obstructing the street crossing and the fire is too remote to give rise to a cause of action for any part of the damage wrought by the fire.

After alleging the status of appellant as the owner and operator of the railroad and its location in the city of Lebanon, the fact of appellee's ownership of the greenhouse and stock of flowers and plants, and its location in the city with reference to appellant's railroad and the building in which the city firemen and apparatus were stationed, between which fire-house and appellee's greenhouse the tracks of appellant intervened, the proper equipment of the city's fire department with apparatus and men, and the existence of an adequate water system, with hydrants located conveniently to the greenhouse, and the necessity for the firemen to proceed to the fire on the street in question on the day of the occurrences complained of, the complaint further alleged that at about 7 o'clock p. m. a fire broke out in the boiler-room connected with the greenhouse, and an alarm of fire was immediately sent to the fire department; that the fire department at once proceeded to the fire by the nearest and most practicable route, which lay along the street obstructed; that when the firemen and apparatus reached appellant's tracks, they found the street closed by a freight-train standing across it, the train being composed of an engine and twenty-five cars, the engine being about forty feet west of the street crossing, and the train extending about a quarter of a mile east thereof; that the firemen notified appellant's employes in charge of the train of the fire, and demanded that the obstruction be removed, so that they could proceed; that said employes saw, or in the exercise of ordinary care could have seen, that the train prevented the firemen from continuing their run to the fire, and they knew, or could have known, that the quickest way to clear the crossing was to back the train east of the crossing which it was alleged could have been done in less than two minutes, or that they could have uncoupled the train and cleared the

crossing in about the same time, but, that with full knowledge of all the conditions, they carelessly and negligently refused so to open the crossing, and unlawfully, carelessly and negligently obstructed the street with the train for more than ten minutes, and then proceeded with the long train westwardly across the street; that had the firemen not been stopped by the obstructed crossing they could and would have saved the greenhouse from destruction; that before they finally reached the greenhouse the fire had spread from the boiler-room to the greenhouse, which contained the plaintiff's flowers and plants, and had killed them, to the damage of the plaintiff in the sum of $3,000. The complaint concluded with the allegation "that all of said damages and the destruction of said greenhouse and contents were the direct and proximate result of the carelessness and negligence of said defendant as herein averred," and a demand for judgment.

The complaint shows a violation of §2671 Burns 1908, Acts 1905 p. 584, §666, which makes it a misdemeanor for a conductor, or other person in charge of a railroad

1. freight-train, to permit or suffer such train to remain standing across any public highway, street, alley or farm crossing, or, whenever it becomes necessary to stop such train across any public highway, street, alley or farm crossing, to neglect to leave a space sixty feet across such highway, street, alley or farm crossing. *Cleveland, etc., R. Co. v. Wynant* (1885), 100 Ind. 160; *Pittsburgh, etc., R. Co. v. Kitley* (1889), 118 Ind. 152; *State v. Malone* (1893), 8 Ind. App. 8; *Becker v. State* (1904), 33 Ind. App. 261.

The violation of a statutory duty is negligence *per se*, and when injury and damage flow directly therefrom, as a natural and probable result of the wrongful act, unaffected

2. by the contributory negligence of the injured party, a liability is incurred by the wrongdoer. 29 Cyc. 436; 1 Thompson, Negligence (2d ed.) §10; 3 Elliott, Railroads §§1155, 1206; *Pennsylvania Co. v. Hensil* (1880), 70 Ind.

569, 36 Am. Rep. 188; *Indiana, etc., R. Co.* v. *Barnhart* (1888), 115 Ind 399; *Pittsburgh, etc., R. Co.* v. *Kitley, supra; Baltimore, etc., R. Co.* v. *Young* (1896), 146 Ind. 374; *Nickey* v. *Steuder* (1905), 164 Ind. 189; *Pittsburgh, etc., R. Co.* v. *Terrell* (1912), 177 Ind.—.

Of course the violation of the statutory duty must produce, or help to produce the injury. The injury or damage must flow from the wrong. While consequential damages which may be recovered are such as might reasonably be anticipated by the perpetrator of the wrongful act, and must be the natural and probable effect of the wrongful act, yet it is not essential to a recovery against the wrongdoer that he should have foreseen the identical injury to the particular person. If the act has a tendency to injure some one, and finally does so, the wrongful act is a proximate cause. 1 Sutherland, Damages (3d ed.) §25; 1 Thompson, Negligence (2d ed.) §59; *Davis* v. *Mercer Lumber Co.* (1905), 164 Ind. 413; *Hohenstein-Hartmetz, etc., Co.* v. *Matthews* (1910), 46 Ind. App. 616; *King* v. *Inland Steel Co.* (1912), 177 Ind. —.

The purpose of the statute is to keep open the ordinary ways of communication the people have in going about their affairs, where such ways are crossed by railroads.

3. Quickness in responding to fire alarms is constantly sought in fire-fighting organizations. Speed in getting to the scene of the fire, as well as in throwing the quenching element on the flames, is a test of efficiency. So we know that the loss of a few minutes often means much in checking or controlling fires and saving property. In this case we know, from the allegations of the complaint, that the firemen got to the burning property, but there was some loss that would not have been caused if the firemen had not been delayed by the unlawful act of appellant's employes. Whatever the loss was, that the earlier arrival of the firemen, undeterred by the unlawful or negligent obstruction of the street cross-

ing, would have prevented, appellant is liable for, in the absence of contributory negligence on the part of appellee, for such loss would be directly attributable to appellant's wrongful act.

Appellant's employes were bound to know that the obstruction of the street crossing by said train might work inconvenience, delay or positive harm and damage to some one in some matter connected with the proper use of the highway so obstructed, and the complaint adds to this, that they actually knew that a fire was raging beyond the tracks of the railroad, and that the firemen were on their way to the fire on the obstructed street, and were demanding that the obstruction be removed so that they might proceed. That some damage would occur, which the firemen, with the means at their command for stopping and controlling the fire, would have been able to prevent if undelayed by said train, the employes of appellant must have known. Damage would be the proximate result of the obstruction, and appellee was entitled to have determined as a question of fact to what extent the obstruction of the crossing proximately caused him injury. The facts alleged do not show, as a necessary inference, and therefore, as a matter of law, that the obstruction was not the proximate cause of damage to appellee.

In the case of *Metallic, etc., Casting Co.* v. *Fitchburg R. Co.* (1872), 109 Mass. 277, 12 Am. Rep. 689, it appeared that to obtain the only available supply of water to throw upon a burning building a line of hose was laid across a railroad track, and a train was run over it and severed it while the water was being applied to the fire. In an action by the owner of the building against the railroad company to recover consequential damages, it was contended, as in this case that no direct or immediate injury was occasioned to the plaintiff by the act of the defendant, but that the injury was occasioned by the fire directly and by the defendant, but remotely. In the opinion of the supreme court, holding the railroad company liable, it was said: "The law regards prac-

tical distinctions rather than those which are merely theoretical; and practically, when a man cuts off the hose through which firemen are throwing a stream upon a burning building, and thereupon the building is consumed for want of water to extinguish it, his act is to be regarded as the direct and efficient cause of the injury.''

In the case of *Kiernan* v. *Metropolitan Construction Co.* (1898), 170 Mass. 378, 49° N. E. 648, the court held that a liability was incurred by a construction company doing public work in the streets which had taken possession of the only available fire hydrant in the vicinity of a fire, and whose employes objected to, and for a time prevented, the use of the hydrant by firemen called to extinguish the fire.

In the case of *Little Rock Traction, etc., Co.* v. *McCaskill* (1905), 75 Ark. 133, 86 S. W. 997, 112 Am. St. 48, 70 L. R. A. 680, a street-car ran over and cut the hose through which firemen were throwing a stream of water upon a burning building, whereupon furniture contained therein, which otherwise could have been saved, was consumed for want of water to extinguish the fire, and it was held that the act of cutting the hose was to be regarded as the proximate cause of the loss of a part of the furniture.

The case of *Houren* v. *Chicago, etc., R. Co.* (1908), 236 Ill. 620, 86 N. E. 611, 20 L. R. A. (N. S.) 1110, 127 Am. St. 309, is very much like the one under consideration. In that case it appears that a train obstructed a street crossing, in violation of a statute, and firemen and fire fighting apparatus were thereby delayed in reaching a fire. It was held that the violation of the statute was negligence *per se*, and that such negligence was the proximate cause of damages to appellant by the spread of the fire to his house. In the opinion of the court it is said: ''It seems clear to us that if a prudent man of experience had reflected upon the probable consequences of entirely closing up this street in a great city he would have foreseen, first, that to so close the street would obstruct and delay public travel thereon; second, that among

the travel liable to be so obstructed and delayed would be the passage of teams, engines and other appliances of the fire department; third, that if the travel of the fire department was so obstructed and delayed, any fire which the men of that department were seeking to reach would be more extensive and do greater damage than if the obstruction and delay had not taken place.'' See, also, *Gilson* v. *Delaware, etc., Canal Co.* (1892), 65 Vt. 213, 26 Atl. 70, 36 Am. St. 802, 827 and note; *Couch* v. *Steel* (1854), 3 El. & Bl. *402; *Atkinson* v. *New Castle, etc., Water-Works Co.* (1871), L. R. 6 Ex. *404; *Phenix Ins. Co.* v. *New York, etc., R. Co.* (1907), 122 App. Div. 113, 106 N. Y. Supp. 696; *Shelbyville Water, etc., Co.* v. *McDade* (1906), 122 Ky. 639, 92 S. W. 568; *Byrd* v. *English* (1903), 117 Ga. 191, 43 S. E. 419, 64 L. R. A. 94 and note; *White* v. *Colorado, etc., R. Co.* (1879), 5 Dill. 428, Fed. Cas. No. 17,543; *Crissey & Fowler Lumber Co.* v. *Denver, etc., R. Co.* (1902), 17 Colo. App. 275, 68 Pac. 670; note to *American, etc., Tin Plate Co.* v *Pittsburgh, etc., R. Co.* (1906), 12 L. R. A. (N. S.) 382; *Coy* v. *Indianapolis Gas Co.* (1897), 146 Ind. 655, 36 L. R. A. 535; 2 Thompson, Negligence (2d ed.) §2306; Ray, Negligence (Personal) 107.

The case of *Mott* v. *Hudson River R. Co.* (1863), 1 Rob. (N. Y.) 585, which is cited and relied on by counsel for appellant, is much like the cases which we have referred to at length. It was before three justices of the superior court of New York city, and a majority of these decided that damages caused by the spreading of a fire, in consequence of the defendant's negligently running over and cutting hose through which water was being thrown on the fire, whereby the only supply of water available was cut off, were too remote to sustain an action. The majority opinion is much weakened as authority by the clear opinion of the dissenting justice, and it seems wholly destroyed by the later contrary decision of the appellate division of the New York supreme court in the case of *Phenix Ins. Co.* v. *New York, etc., R. Co., supra.*

The case of *Lebanon, etc., Tel. Co.* v. *Lanham Lumber Co.*

(1909), 131 Ky. 718, 115 S. W. 824, 21 L. R. A. (N. S.) 115, upon which reliance is placed by appellant, is easily distinguishable from this case and the cases before referred to, which are conceded to have been well decided. In the case just cited it was held that the negligent failure of defendant to give telephone connection with the fire department for a call to extinguish a fire in plaintiff's buildings, for a time that rendered the efforts of the firemen, who afterwards arrived, fruitless, was too speculative and remote to authorize a recovery.

The case before us may be near the verge of liability, but it is not outside, for there is here an act done which is unlawful, and from which some damage directly flowed to appellee.

It is next contended by counsel for appellant that the complaint is bad for a failure to negative contributory negligence on appellee's part. The act of 1899 (Acts 1899 p. 58, §362 Burns 1908) did not change the rule that has long prevailed in this State, that in actions to recover damages to property, wrought by the negligence of another, the plaintiff must allege his freedom from contributory negligence, either by direct averment or by facts from which the inference that he was free from contributory negligence must be drawn. There is in the complaint no direct averment that appellee was free from contributory negligence, and the facts alleged in the complaint do not compel any inference that appellee was free from any negligence that might have caused the fire, or contributed to the spread of it after it was started, or that he could not have saved goods by removing them. All the facts alleged may have been true, and yet appellee may have been guilty of contributory negligence. But the general averment, "that all of said damages, and the destruction of said greenhouse and contents, were the direct and proximate result of the carelessness and negligence of said defendant, as herein averred," is relied on by counsel for appellee as being sufficient to rescue the pleading from

the objection that it does not negative appellee's contributory negligence. A similar allegation to this is frequently found in complaints for negligence, and its office is to aid the allegations as to the negligence of the defendant as a proximate cause of the damage sustained. It has no real significance as a part of the complaint as to any negligence on the part of plaintiff.

Both negligence on the part of appellant, which was effective in producing the damage to appellee, and freedom from negligence on the part of appellee, contributing thereto, were, under the rules of pleading in force in this State, necessary to be shown to make the complaint good as the statement of a cause of action. The general averment in the complaint just quoted must be taken to be the pleader's conclusion from the facts specifically alleged. The facts specifically alleged warrant the conclusion that appellant's negligence was potent in causing appellee's damage, but they do not necessarily warrant the conclusion that appellee was free from negligence which contributed thereto, and therefore the latter conclusion cannot be said to be involved in this general averment. *Wahl* v. *Shoulders* (1896), 14 Ind. App. 665; *Louisville, etc., R. Co.* v. *Schmidt* (1886), 106 Ind. 73; *Wabash, etc., R. Co.* v. *Johnson* (1884), 96 Ind. 40; *Wabash, etc., R. Co.* v. *Johnson* (1884), 96 Ind. 44, 46; *Pennsylvania Co.* v. *Gallentine* (1881), 77 Ind. 322; *Cincinnati, etc., St. R. Co.* v. *Klump* (1906), 37 Ind. App. 660; *Potter* v. *Fort Wayne, etc., Traction Co.* (1909), 43 Ind. App. 427; *Indianapolis St. R. Co.* v. *Robinson* (1901), 157 Ind. 232; *City of Logansport* v. *Kihm* (1902), 159 Ind. 68, 71.

It seems that the cause was submitted to the jury on the theory that the complaint was good without an allegation of freedom from contributory negligence, that the rule 4. in force since the act of 1899, *supra,* placing the burden of proving contributory negligence on the defendant in actions for personal injuries, applied as well to

actions for injuries to property, for the court charged in instruction eight as follows: ''If you shall find from a preponderance of all the evidence in the case that plaintiff was guilty of any act of negligence that proximately contributed to or caused the damages sued for, plaintiff cannot recover.''

The complaint is bad as against a demurrer, because it does not negative contributory negligence, and the giving of this instruction was error.

Other questions raised are not likely to arise in another trial.

The judgment is reversed, with instructions to the lower court to sustain appellant's demurrer to the complaint, and for further proceedings not inconsistent with this opinion.