NORTHERN ASSURANCE CO., LTD., *v.* NEW YORK CENTRAL
RAILROAD CO.

1. EVIDENCE—JUDICIAL NOTICE—FIRES.

Judicial notice is taken of the fact that fire is a dangerous
agency and where buildings are close together may result in
disastrous loss of property if uncontrolled by fire departments
equipped with fire-fighting apparatus used in connection with
established waterworks system.

2. RAILROADS—INTERFERENCE WITH SCHEDULED TRAINS.

Ordinarily, no one has a right to interfere with the operation of
railroad trains on schedule while engaged in the performance
of functions as common carriers of freight and passengers.

3. SAME—RIGHT OF WAY—TRESPASSERS.

Third persons who enter upon the right of way of a railroad
company, except at established crossings, are ordinarily tres-
passers.

4. SAME—RIGHT OF WAY—EXCLUSIVE CONTROL—PUBLIC SAFETY.

Exclusive control of right of way by railroad company is subor-
dinate to exigencies of public safety and emergency caused by
fire and conflagration.

5. SAME—FIRES—HOSE ACROSS TRACKS.

Firemen and others lawfully engaged in seeking to control and
put out fire in buildings near railroad right of way may go
thereupon and lay fire hose across tracks to carry water to
extinguish fire in burning buildings.

6. SAME—SIGNALS—NOTICE.

Operators of trains running on schedule are not required to heed
everyone who attempts to communicate with them by signal or
otherwise and signals which are not in the usual or ordinary
course and convey no message are not notice of anything.

7. SAME—FIRES—HOSE ACROSS TRACK—NOTICE.

Railroad company in regular operation of trains is generally not
liable for loss from what turns out to be an interference with

its use by laying fire hose across tracks to carry water to extinguish fires unless train operators actually know, or ought to know, of such interference.

8. SAME—FIRE HOSE ACROSS TRACKS—NOTICE.
   Railroad company has no right to run train across fire hose which was observed, or which should have been observed, by train operators.

9. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
   On appeal from directed verdict, appellants are entitled to have testimony construed most favorably to their contention.

10. RAILROADS—NEGLIGENCE—DIRECTED VERDICT—EVIDENCE.
    In action against railroad company by insurers who had paid a fire loss, claimed to have resulted when defendant's train ran over fire hose across its tracks, evidence that engineer, who did not know of fire or that hose was across tracks in time to stop train, who failed to use emergency brakes upon signal from man waving something, or, after. stopping, failed to cut train but pulled remaining 61 cars over crossing and hose, thereby delaying resumption of flow of water several minutes, *held*, insufficient to take question of defendant's negligence to jury.

Appeal from Jackson; Simpson (John), J. Submitted April 11, 1935. (Docket No. 121, Calendar No. 37,683.) Decided May 17, 1935.

Case by Northern Assurance Company, Ltd., a foreign corporation, and others against the New York Central Railroad Company for damages sustained by cutting in two of fire hose by railroad train. Directed verdict and judgment for defendant. Plaintiffs Northern Assurance Company, Ltd., and General Fire Assurance Company appeal. Affirmed.

*Maxwell F. Badgley* (*Robert L. Drake,* of counsel), for plaintiffs.

*Bisbee, McKone, Wilson, King & Kendall* (*J. J. Danhof,* of counsel), for defendant.

POTTER, C. J.   Northern Assurance Company, Ltd., and General Fire Assurance Company, both foreign corporations authorized to do business in the State of Michigan, insured the property of Norman S. Kimball and wife, of Jackson, Michigan, against loss and damage by fire. The insured property was located in the city of Jackson. Defendant is a corporation engaged in the operation of a steam railroad running into the city of Jackson.

The Kimballs' house caught fire. The city fire department of the city of Jackson was notified and responded with adequate fire-fighting equipment. The only available fire hydrant was across the railroad tracks from the Kimballs' house. In order to obtain water to extinguish the fire, a hose was connected with this fire hydrant and laid across the railroad tracks of defendant to the vicinity of the burning dwelling house. Defendant's railroad train came along, ran over, cut and severed this hose of the fire department, and it is claimed prevented, hindered, interfered with, and delayed the efforts of the fire department of the city of Jackson, so that the fire spread to and consumed the house and contents of the Kimballs.

No question is raised as to the authority of the insurance companies to do business in the State of Michigan; the payment by the insurance companies of the loss suffered by the Kimballs; the legality of the insurance policies; or the right of the insurance companies to be subrogated to the rights of the Kimballs. The insurance companies paid the loss of the Kimballs, a subrogation agreement was signed whereby the insurance companies were subrogated to the rights of the Kimballs against defendant, and suit was instituted to recover damages for its alleged negligence. Norman S. Kimball, whose real

estate was destroyed by the fire, was joined by order of the court as a party plaintiff.

It is claimed defendant was negligent in not operating its train in a careful and prudent manner; in failing to keep a proper lookout to avoid running over any obstruction or object which might be upon the track; in failing to have said train equipped with adequate and proper brakes so that it could be stopped within a reasonable distance upon approaching a highway crossing; in failing to take all necessary precautions to protect property lawfully upon its railroad crossing; in failing to heed the warnings of members of the fire department of the city of Jackson, or other persons, and in failing to bring its train to a stop upon receiving such warnings; in failing to operate its train at a reasonable and proper rate of speed, and to bring the same under control and to stop if necessary upon receiving warnings from city firemen that there was an obstruction upon the highway crossing; in failing to immediately bring its train under control and to a stop upon receiving signals to stop from city firemen attempting to flag its train; in failing to have its train under control and to operate it at such a speed as was reasonable and proper under the circumstances, having due regard to the proximity of the crossing, and of persons upon the right of way signaling and warning the engineer of defendant's train; in failing to have due and proper regard for the persons or any obstruction upon the crossing known to the defendant, or which, in the exercise of ordinary care, should have been known to defendant; in failing to exercise due and proper care to discover any obstruction upon the track; in failing to stop its train after discovering an obstruction or hose upon the track, or which should have been

discovered in the exercise of ordinary care; in failing to refrain from obstructing the crossing for a period of five minutes according to the statutes in such case made and provided; in failing to cut said train if necessary in order to clear the crossing within five minutes; in failing to permit city firemen of the city of Jackson to stretch hose across the tracks of defendant in the quickest possible way upon receiving notice of the fire and of the necessity of water to extinguish the same; in failing to obey the orders of the city fire department of the city of Jackson to permit the extension of hose across its tracks in the quickest possible manner; and in failing to use great care upon receiving notice of the existence of the fire and of the necessity of water.

Plaintiffs' declaration charges the defendant carelessly, negligently, recklessly and unlawfully disregarded and violated each of the duties above mentioned, and that by reason of this negligence plaintiffs are entitled to recover damages.

Suit was commenced December 15, 1930. Defendant pleaded the general issue in accordance with the practice then prevailing. At the conclusion of the testimony, the trial court directed a verdict of not guilty. Plaintiffs appeal, claiming there was sufficient testimony introduced to carry the case to the jury. The contention of plaintiffs and appellants is summarized in their statement of questions involved, substantially as follows:

1. That where a railroad engineer receives a warning and knows some emergency exists at a crossing which he is approaching and fails to make full use of his brakes to slow his train to a point where he can stop if the exigencies of the situation demand it, he is guilty of negligence as a matter of law;

2. That where the facts show the railroad engineer of defendant company had notice of an unknown emergency existing at a crossing, and admits he could have stopped if he had applied his emergency brakes, and that he knew the use of his service brake would destroy the efficiency of his emergency brake and, through his failure to use his emergency brakes, was unable to stop, as a result of which the damage complained of was suffered, the trial court had no right to direct a verdict on his own motion of not guilty;

3. That where the engineer of the train in question on notice of the emergency failed to stop his train until too late to avoid the damage warned against, he was guilty of negligence as a matter of law when he blocked the crossing for a time longer than allowed by statute and ordinance by pulling a long train of freight cars across it, causing further damage by the delay.

These questions claimed by plaintiffs to be involved are not accepted by the defendant which contends the questions involved as stated by plaintiffs and appellants assume facts which are not proved. Defendant contends the questions involved are:

1. That the evidence produced by plaintiffs on the trial, viewed in its light most favorable to plaintiffs, did not make any showing of duty on the part of defendant toward plaintiffs;

2. That plaintiffs did not produce any proof showing any breach of any claimed duty on the part of defendant to plaintiffs;

3. That there was not such proof of the negligence of defendant as to warrant the submission of the case to the jury.

It is generally recognized that fire is a dangerous agency and in sections where buildings are close together may, if uncontrolled, result in disastrous loss

of property.  To this end, fire departments, equipped with fire-fighting apparatus, are established and maintained generally in cities and in the more densely populated American communities.  To supply the water necessary to combat fires, waterworks systems are quite generally established and maintained, and hydrants are placed, that water may be made available to control and extinguish fires which, uncontrolled, are dangerous and destructive.

The city of Jackson, in which plaintiff Kimball's property was located, maintained a fire department and a waterworks system with hydrants to supply water for the purpose of extinguishing fires.

Steam railroads are, generally, in this country, privately owned public utilities engaged in the performance of functions which might be, and in some countries are, carried on by the government.  They are subject to public regulation, and are required to maintain uniform rules and regulations and operate at fixed rates and, so far as possible, on fixed schedules.  Ordinarily, no one has a right to interfere with the operation of railroad trains on schedule while engaged in the performance of their functions as common carriers of freight and passengers.  Railroad companies usually own or control their right of way, and others who enter upon the right of way of a railroad company, except at established crossings, are ordinarily trespassers.  Such exclusive control of the railroad company's right of way is given to it by law as necessary for the protection and safety of the traveling public, and to enable the railroad to function efficiently in the operation of its trains.  But the exclusive control by a railroad company of its right of way is subordinate to the exigencies of public safety and the emergency caused by fire and conflagration, and the law has lent its

sanction to the recognition of the moral obligation upon the part of a railroad company not to wantonly injure the property of others.

Plaintiffs and those lawfully engaged in seeking to control and put out the fire in their buildings on their premises near the railroad company's right of way, as well as the city firemen of the city of Jackson, had a right to go upon the premises of defendant and lay a fire hose across the tracks of the defendant company to carry water to the burning buildings of plaintiff Kimball to extinguish the fire therein. .

In *Clark* v. *Railway Co.*, 149 Mich. 400 (12 Ann. Cas. 559), the court indicated that if the evidence satisfied the jury there was no other efficient way to procure water to extinguish the fire, the fire hose was rightfully laid across the railroad tracks. Railroad trainmen are frequently signaled, and the usual signals used either in the nighttime or in the daytime in the control and operation of trains are well understood by railroad trainmen. The operators of trains running on schedules ought not to heed everyone who makes a motion, or attempts to communicate with the operatives of the train by signal or otherwise. If such signals are not those in usual and ordinary use, if they convey no message to those operating the train, then they are not notice to the trainmen of anything. It has been generally held that a railroad company, in the regular operation of its trains, should not be held liable for loss from what turns out to be an interference with the use of its right of way and tracks for the purpose of laying fire hose across them to convey water to extinguish fires unless it is actually notified or informed of the conditions which make such interfering use of its right of way and tracks necessary.

Actual knowledge of the fire by the employees of the defendant railroad company in charge of the operation of its trains must be shown before liability can be predicated upon defendant's negligence. And inasmuch as the basis of liability, from the very nature of the rights of the respective parties, must be the wilful misconduct of the employees of the railroad, knowledge must be brought home to those in charge of the operation of its trains that there is a fire near the railroad company's right of way, and that by running its train past it, or by the stopping of the train in front of the fire, it will interfere with the work of extinguishing it, or increase the public or private danger to result therefrom. It must be shown that those in charge of and conducting the train knew, or ought to have known, what the situation was, and that the fire hose was across the defendant's right of way and track, in order to make the otherwise regular operation of defendant's train an unlawful interference with and invasion of plaintiffs' rights. *American Sheet & Tin Plate Co.* v. *Railroad Co.,* 75 C. C. A. 47 (143 Fed. 789, 12 L. R. A. [N. S.] 382, 6 Ann. Cas. 626).

Where a street railway motorman approached, with the street car of which he had charge, a building burning on the side of the street, and the street was clearly illuminated and the fire hose across the street railway track was five inches in diameter, and the motorman saw, or ought in the exercise of ordinary diligence to have seen, the hose, but carelessly and negligently ran over the same and cut it in two, the street railway company was held liable for resulting damages. *Little Rock T. & E. Co.* v. *McCaskill,* 75 Ark. 133 (86 S. W. 997, 70 L. R. A. 680, 112 Am. St. Rep. 48).

"If defendant's servants, in charge of the freight train, had notice and warning of the presence of the hose on the tracks (they deny having any notice), and had no occasion for haste, and might have stopped the train, instead of doing which they carelessly ran upon and cut the hose, and the cutting of the hose occasioned such delay in procuring water that the destruction of plaintiff's property was the direct and necessary result of such carelessness, plaintiff may recover upon the second ground set up in the declaration such damages as were consequent upon such delay. * * * Defendant's servants cannot, however, be charged with negligence in not looking for and discovering the hose." *Clark* v. *Railway Co., supra.*

It seems clear the defendant railroad company would have no right to run across the fire hose if it was observed, if those in charge of the operation of its train knew the fire hose was across the railroad track for the purpose of putting out a fire in plaintiff Kimball's buildings, or if the circumstances were such that the defendant railroad company's employees ought to have observed the hose lying across the track for the purpose of extinguishing the fire.

The trial court in this case directed a verdict in favor of defendant.

In the consideration of the testimony, the plaintiffs and appellants herein are entitled to have such testimony construed most favorably to their contention. They claim the engineer of the train, when eight or ten rods west of the semaphore, 914 feet west of the crossing near which the fire occurred, saw a man waving something and knew something was wrong; that the engineer could have stopped the train if he had used the emergency brakes, but

instead made a service application of the brakes which he knew would cause him to lose the efficiency of the emergency brakes at the time he applied them, and overran the crossing and the hose by the engine and four car lengths at the time his train stopped; that after getting himself in that position and stopping the train, he could have cut the train but, instead, acted upon the signal of a flagman on the rear end of the train who knew nothing about the situation at the crossing, and started the train and pulled the remaining 61 cars thereof over the crossing and over the hose, the 61 cars being approximately 2,623 feet long; that by reason of this negligent operation, the flow of water was interrupted from eight to ten minutes, and that as a result plaintiffs' damages were caused, increased and aggravated.

On the other hand, the testimony shows that the engineer did not see the hose across the railroad track when he applied the brakes, nor did he see anything on the track or crossing to indicate he did not have a clear right of way down the track.  He testifies he had no knowledge of the existence of a fire, or the presence of the fire hose across the street; he assumed from the signal that had been given him there was some difficulty at the railroad crossing, and applied the service brakes and brought the train more nearly under control; the brakes and other appliances for stopping the train were working properly; and, for the reason all trains do not handle alike, he did not know and could not say the emergency brakes would have stopped his train in less than 1,000 feet.

There was no other testimony as to the defendant's negligence in failing to bring the train to a stop before it reached the hose and the crossing.

We think, under the record, plaintiffs did not show such a wilful invasion of their rights as, under the law, entitled them to a verdict and that the trial court was right, under the testimony, in directing a verdict for defendant.

Judgment affirmed, with costs.

NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.