Bolster, C. J.
This action of tort is for damage to an artificial stone sidewalk, which the plaintiff had laid under contract with the City of Boston. By that contract the plaintiffs were obligated to keep the sidewalk in acceptable condition for five years, and the city was given the right to have the sidewalk opened and repaved. The city made a contract with the defendant to build a school-house on abutting land, and in the course of its work it opened and otherwise damaged the sidewalk. Its efforts at repair and repaving were not acceptable to the city, and on notice from the city, plaintiffs repaired the damage, at a reasonable cost now sued for, but without prior notice to the defendant.
We assume that the property rights in the sidewalk were vested in the city. The fundamental question, therefore, is whether the law gives a remedy for acts which, while not invading any rights in tangible property, yet cause an injury to others than owners by reason of contractual duties which such others owe to the owners. We think the answer must be in the negative The cases on which the plaintiffs rely, Metallic &Sc. Co. v. Fitchburg RR., 109 Mass. 277, and *594 Kiernan v. Met. Const. Co., 170 Mass. 378, do not reach this case. Beal estate of the plaintiffs was there damaged, and the only question was whether the acts of the several defendants could be said to be the proximate cause of the damage. In the present case, the crucial question is, what kind of rights are so protected that the law gives a remedy against merely negligent invasion. To discuss that question in terms of proximate cause only beclouds the legal issue. The controlling rule here is that stated in Chelsea Moving &c. Co. v. Rose Towboat Co., 280 Mass. 282, cf. Ross v. Wright, 286 Mass. 269.
It is not found that the defendant knew of the plaintiffs’ contract with the city, or its terms, or that it acted wilfully or maliciously, or that it knew of any custom between contractors such as is stated in the finding, and it is not necessary to consider whether any of those facts, if found, would change the result.
Report dismissed.