THE NEW YORK CENTRAL RAILROAD COMPANY *v.* CASEY.

[No. 26,986. Filed May 11, 1938. Rehearing denied September 27, 1938.]

**466**

Charles O. Baltzell, John K. Chappell, Gerald E. Hall, Samuel W. Baxter, Charles P. Stewart, Morton C. Embree, Carl M. Gray, and Harry N. Quigley, for appellant.

Lockyear & Lockyear, McDonald & McDonald, David A. Myers, and R. Owen Williams, for appellee.

FANSLER, J.—The appellee brought this action to recover damages for injuries received when an automobile in which he was riding collided with a freight train moving across a highway. There was a trial, and judgment for the appellee for $10,000.

There is no substantial conflict in the evidence. In the dark, at about 3:00 o'clock in the morning, a Ford touring car occupied by ten men, including the appellee, who was not the driver, traveling westward upon U. S. Highway No. 50, collided with a freight train which was crossing over the highway, and in the collision the appellee received the injuries which are the basis of this action. The tracks of the raliroad intersect the highway at approximately right angles. The highway is paved, and the approach to the railroad is slightly downgrade. Six hundred feet from the tracks the pavement is 15 feet higher than the rails. Three hundred sixteen feet before reaching the railroad there is a metal disc railroad crossing sign on the shoulder of the pavement on the right-hand side. On the left-hand side, on the edge of the pavement, is the usual cross-arm railroad sign. Three hundred sixty feet from the railroad there is a large white ring painted on the pavement, with a white line running down the center of the pavement to the tracks. Near the white ring are white lines running across the highway with the letters "RR," five feet high, painted on the pavement. There are similar white lines and letters nearer the tracks. Photographs in evidence disclose that in the daytime both railroad crossing signs

and the railroad tracks could be seen for about 1,800 feet before reaching the railroad. The train was about 3,000 feet long, and the automobile collided with one of the cars near the rear of the train.

The complaint alleges that the cars in the train were black and dirty; that they were not readily observable at night. Negligence is predicated upon failure to install reflectors upon the sides of the cars so that they might be readily seen by approaching motorists. The roadway across the railroad right of way was paved to the full width of the highway pavement and for one additional foot on each side. Negligence is charged for failure to provide a paved highway for the full width of the highway right of way across the railroad. Negligence is also predicated upon the failure to maintain lights, signals, and warnings at the crossing to indicate that a train was upon the track.

Clause 5 of section 55-601 Burns' Ann. St. 1933, section 14099 Baldwin's Ind. St. 1934, authorizes a railroad "to construct its road upon or across any stream of water, water-course, highway, railroad or canal, so as not to interfere with the free use of the same, which the route of its road shall intersect, in such manner as to afford security for life and property; but the corporation shall restore the stream or water-course, road or highway thus intersected to its former state, or in a sufficient manner not to unnecessarily impair its usefulness or injure its franchises." There is no contention that a smooth, safe driveway was not maintained across the railroad track to the full width of the traveled way and more. But it is contended that, under this statute, it is the duty of the railroad to provide a pavement and traveled way for the full width of the highway right of way so that travelers approaching and unable to stop may have space to turn around and avoid injury. There is no valid basis for this con-

tention. It is sufficient if a railroad maintains the crossing in a safe condition to the full width which is provided by the public as a traveled way.

"There is no statute of this state requiring a railroad company, while its train, or any part thereof, is occupying a highway crossing, either in passing thereover or when standing thereon, to station an employee at any such crossing to warn travelers on the highway that the road is obstructed by a locomotive, freight car, or other car, forming a part of such train, and no such duty is imposed by the common law, unless ordinary care would require that such action be taken. . . . The primary purpose of signals, gates, other devices, and of watchmen when required to be maintained at points where railroad tracks intersect highways, streets, etc., is to warn persons traveling on and over such ways that a train is approaching and to protect them from damage or injury likely to ensue if they attempt to use such crossing before the train passes thereover. Common knowledge and experience is sufficient to warn that the crossing cannot be used when already occupied, and the law does not require that information be given of an existing fact that ordinary observation will disclose." *Pennsylvania Railroad Co.* v. *Huss* (1933), 96 Ind. App. 71, 78, 180 N. E. 919, 921.

It is not contended that any of the statutory warning signs were missing. There is some evidence that the sign at the side of the road, 300 feet from the crossing, did not have a background of federal yellow, the color prescribed by the Public Service Commission under the statute. The evidence upon this question is conflicting. There is some testimony that the background was yellow, and other testimony that it was silver. The statute (sections 55-2003 to 55-2010 Burns' Ann. St. 1933, sections 8631 to 8638 Baldwin's Ind. St. 1934) provides that these signs shall be furnished by

the state and paid for by the counties. They are installed by the railroad company, but kept in repair by the board of commissioners of the county. There is no evidence that the railroad company altered the sign provided in any manner, and, in the absence of evidence to the contrary, it must be concluded that the sign was in the same condition as when furnished by the state, or that, if the color of the background was changed, it was by the county. There is ample evidence that the sign could be readily seen in the light of automobile lamps. No violation of a safety statute is shown.

In the absence of a statute, negligence must be founded upon a violation of the duty to exercise that degree of care for the safety of others that an ordinarily reasonable person would exercise under the same or similar circumstances. Where the facts are in dispute, or where more than one reasonable inference may be drawn from the facts, negligence is to be determined as a fact by the jury, but where the facts are not in dispute, and only one reasonable inference may be drawn, negligence is a pure question of law. *City of Indianapolis* v. *Cook* (1884), 99 Ind. 10; *City of Franklin* v. *Harter* (1891), 127 Ind. 446, 26 N. E. 882.

*Pennsylvania Railroad Co.* v. *Huss, supra; C. C. C. & St. L. Ry. Co.* v. *Gillespie* (1933), 96 Ind. App 535, 173 N. E. 708, and *Morley* v. *C. C. C. & St. L. R. R. Co.* (1935), 100 Ind. App. 515, 194 N. E. 806, were all actions in which damages were sought for injuries received while riding in an automobile which was driven into and collided with a train standing upon or moving across a highway. It is pointed out in those cases that neither the statute nor the common law requires a railroad company to give notice by signal or otherwise that one of its trains is standing upon or moving over a highway crossing, unless ordinary care for the safety of others would require it. It was held

in each case that it could not be reasonably anticipated, in the natural course of events and according to common experience, that the driver of an automobile might attempt to cross over the tracks when they were occupied by a train; that "certainly it cannot be reasonably said that it is usual for the driver of an automobile traveling over the highways of this state to run into a freight train standing over a crossing, or that such an event is likely to occur." *Pennsylvania Railroad Co.* v. *Huss, supra* (p. 80). It was held in those cases that the train upon the track was not the proximate cause of the injury, and that the railroad company had not violated any duty by failure to provide a watchman or other special notice that the track was occupied. Speaking for this court, in *Cincinnati, etc., R. Co.* v. *Long, Adm'r* (1887), 112 Ind. 166, 173, 174, 13 N. E. 659, 663, Justice Mitchell said: "Persons in the control of railroad trains have a right to presume that men of experience will act reasonably in all given contingencies. They are not bound to anticipate and provide against extraordinary, unusual and improbable conditions, which involve inattention on the part of others, and their duty to persons who are thus situate only begins when they have good reason to suppose that such persons are unconsciously in peril, or disabled from avoiding it. It is a presumption that a person of mature age, and in the possession of his faculties, will exercise care for his own safety, and that he will not go or remain in a perilous position, when a slight effort would carry him to a place of safety." In the first two Appellate Court cases above referred to a petition to transfer was denied by this court. It is true that in *Opple et al.* v. *Ray* (1935), 208 Ind. 450, 457, 458, 195 N. E. 81, 84, the cases were criticized, and the dictum that the driver of an automobile is chargeable with negligence for failing to see *every* obstruction in the highway was disapproved, but

it was said: "Statutory provision is made for the maintenance of signs at the side of the highway indicating the approach to a railroad crossing. The signs are maintained for the protection of those using the highway. Reasonable prudence requires that one using the highway take care to observe such signs, and take notice of the proximity of a railroad track, which is of itself notice of danger. No negligence on the part of the railroad company was shown in either of the cases, and there was no basis for recovery in any event." The same rule must apply under the facts in this case. It is a matter of common knowledge that highways in Indiana are frequently intersected by railroads upon which long trains may stand or move. The state provides the crossing signs at the side of the road where other travel signs are maintained as a notice and direction to the drivers of automobiles. Conspicuous warnings are painted upon the pavement. Those who use the highways must take notice of such signs, and so regulate their speed that they may look and see for themselves whether a train is occupying a crossing ahead of them, just as they must look and see a stop sign on the highway indicating a preferential highway ahead.

Counsel for appellee argue that, because many automobiles do run against the sides of trains upon crossings, railroads are bound to anticipate such an occurrence, and equip the sides of their cars with reflectors as an additional warning. It would logically follow that, when reckless or negligent drivers collided with the sides of cars equipped with reflectors, other and additional warnings would be insisted upon. It may be true that many automobiles are driven into the sides of trains, but it has yet to be demonstrated that automobiles driven in a reasonably prudent manner are driven into the sides of trains upon crossings, and that such conduct is so usual and probable as to be rea-

sonably anticipated. The motorist, as well as the railroad company, is required to use reasonable care. The responsibility of one is not greater than that of the other. Railroads are not insurers of the safety of motorists approaching their tracks.

We need not notice specifically the numerous errors assigned. It is sufficient that, upon the facts most favorable to appellee, we must conclude that the appellant violated no legal duty and was guilty of no negligence. The case was fully tried. The facts will not change. Upon a new trial the appellee could not recover.

Judgment reversed, with instructions to enter judgment for the defendant, appellant.