NEW YORK CENTRAL RAILROAD COMPANY *v.* GARDNER

[No. 16,195. Filed January 22, 1940.]

*Carl M. Gray,* and *(Samuel W. Baxter,* and *Charles P. Stewart,* of counsel) for appellant.

*Carl L. Chattin,* and *Philip D. Waller,* for appellee.

STEVENSON, J.—This is an action in which the appellant was charged in the court below with negligence in the operation of its railroad. The appellee, Nathan Gardner, by his complaint sought to recover damages from the appellant for personal injuries sustained by him in a crossing accident. This accident occurred about 3:00 A.M. on the morning of February 3, 1935, in the town of Maysville, Daviess County, Indiana, where U.S. Highway No. 50 crosses the right of way of the appellant's railroad.

The complaint alleged nine separate acts of negligence on the part of the appellant, which acts of negligence may be briefly listed as follows:

"1. Failure and refusal to maintain the highway within its right of way, in a sufficient manner not unnecessarily to impair its usefulness or injure its franchises;

2. Failure to maintain its railroad, across the highway, so as not to interfere with the free use of the highway;

3. Failure and refusal to maintain its railroad, across the highway, in such manner as to afford security to life and property;

4. Failure and refusal to provide and maintain a crossing, on its right of way, to the full width of the highway right of way;

5. Maintenance of a crossing with depressions, holes and obstructions within the highway right of way, except for the improved twenty-foot space;

6. Failure to sound the whistle and ring the bell as the train approached the crossing;

7. Failure to install reflectors on the sides of the cars in its train;

8. The use of what are styled 'camouflaged' cars; and

9. Failure and refusal to install a light, signal or warning of any kind at the crossing to indicate that a train was occupying the crossing.''

To this complaint various motions were addressed, all of which were overruled. Demurrers were addressed to parts of the complaint and to the complaint in its entirety, all of which were overruled and each of these rulings is assigned as a separate specification of error in this court. The case was submitted to a jury for trial, which returned a verdict in favor of the appellee in the sum of $500.00 and judgment was subsequently entered upon the verdict. A motion for new trial was filed and overruled. This ruling is also assigned as error.

The facts disclosed that the appellee at the time of the injury in question was riding in a Buick Sedan driven by one Robert Simpson. The train with which the automobile collided was composed of fifty or sixty coal cars and was crossing U.S. Highway No. 50 at a speed of twelve or fifteen miles per hour. The car in which the appellee was riding struck the appellant's moving train four or five car lengths from the caboose. The highway on which the appellee approached the crossing for a distance of a thousand feet is straight and substantially level and is composed of concrete eighteen feet in width with gravel and limestone berms on either side. There was the

ordinary cross-arm warning sign maintained at the crossing by the appellant. There was also a metal disk on the right-hand side of U.S. Highway No. 50, west of the crossing approximately 100 yards. This sign had two large R's painted in the upper quadrants, two black lines crossing in the center of the metal disk sign. In addition to this sign, and approximately 100 yards farther west, and on the right-hand side of the pavement, was another metal disk sign, with black stripes intersecting in the middle at right angles, and in the upper quadrants of this metal sign were two large R's in each of the quadrants. This sign was painted yellow, commonly called a "federal yellow". Farther west, the State Highway Department maintained another warning sign. In addition to these warning signs, at the time of the collision and prior thereto, west of the crossing for a distance of approximately 300 feet, the Highway Department of the State of Indiana had painted large white bars across the pavement, and near the bars had painted, on the pavement, large white R's four feet long. Immediately after the R's, there were other white stripes painted across the pavement.

The evidence further discloses that the appellee was familiar with the crossing in question and the eye-witnesses who saw the collision testified that the car in which the appellee was riding was traveling at a rate of speed in excess of forty miles per hour as it approached the crossing and that this speed was not slackened and that the automobile was driven straight into the moving train of the appellant.

The appellant assigns error as to many rulings made by the court on motions to strike out parts of the complaint and of the pleadings addressed thereto but for the purposes of this opinion, we think it sufficient to discuss only the error assigned in overrul-

ing appellant's motion for new trial. Under this assignment the appellant contends that the court erred in refusing to give to the jury the appellant's peremptory instruction tendered and requested at the conclusion of the plaintiff's evidence. Under this assignment the appellant contends that there was an entire failure on the part of the appellee to establish negligence on the part of the appellant which proximately contributed to the appellee's injury.

The questions presented in this appeal are very similar in form to those presented to the Supreme Court of this State in the case of *New York Central Railroad Company* v. *Casey* (1939), 214 Ind. 464, 14 N.E. (2d) 714. The appellant was there charged with negligence in the operation of its trains at the same highway crossing as is involved in the case at bar. The Supreme Court held in this case that under the charges of negligence as alleged and under the facts disclosed by the evidence, there could be no liability against the railroad company and the judgment was reversed with instructions to enter judgment for the railroad company. It is interesting to note that the same charges of negligence were alleged by the appellee Casey in that case as are alleged in the first, fourth, fifth, seventh, eighth, and ninth charges set out in the complaint in this case. The facts are not materially different, and without extending this opinion, it is sufficient to say that the evidence in our opinion fails to disclose any actionable negligence on the part of the appellant herein as embodied in the first, fourth, fifth, seventh, eighth, and ninth charges above referred to. *Philadelphia, etc. R. Co.* v. *Dillon* (1921), (Del.) 114 Atl. 62; *Toledo Terminal R. Co.* v. *Hughes* (1926), 115 Ohio St. 562, 154 N.E. 916; *Fannin* v. *Minneapolis, St. P. & S. S. M. Ry. Co.* (1924), (Wis.), 200 N.W. 651; *Gilman* v. *Central Vermont Ry. Co.*

(1919), 93 Vt. 340, 107 Atl. 122; *Schmide* v. *Chicago etc. R. Co.* (1926), (Wis.) 210 N.W. 370; *Gallagher* v. *Montpelier & Wells River R. R.* (Vt.) (1929), 137 Atl. 207; *New York Central R. Co.* v. *Casey*, supra; *Dyer* v. *New York Central R. Co.* (1938), 214 Ind. 708, 14 N.E. (2d) 718; *Dyer* v. *New York Central R. Co.* (1938), 214 Ind. 695, 14 N.E. (2d) 719.

This leaves then as the only additional charge of negligence not discussed by the Supreme Court in the case of *New York Central Railroad Company* v. *Casey,* supra, the second, third, and sixth charges embodied in the complaint. No evidence was offered in support of the second and third charges of negligence. The sixth charge of negligence is that the appellant failed to sound the whistle and ring the bell as the train approached the crossing. While the evidence is in conflict upon this issue, conceding that such signals were not given, it is apparent from the record that such failure was not the proximate cause of the appellee's injuries.

The purpose of the statute which requires the blowing of the whistle when a train is approaching a public crossing is to protect travelers on the highway from the danger of approaching trains. It is not to warn them of the presence of a moving train on said crossing. *Morley* v. *C., C., C. & St. L. R. R. Co.* (1935), 100 Ind. App. 515, 194 N.E. 806. When we consider the evidence most favorable to the appellee with reference to the length and speed of the train and the speed of the automobile in which the appellee was riding, it is apparent that the failure to sound the whistle, if there was such a failure, had no casual connection with the appellee's injuries. The facts disclose that the automobile in which the appellee was riding was more than two

miles away from the crossing in question when the crossing whistle was required to be sounded.

The appellant has made a prima facie showing of reversible error in this case. The appellee has failed to file a brief in this case and we may consider such failure as a confession of error. *Wasman et al.* v. *Dye et al.* (1920), 73 Ind. App. 11, 126 N.E. 435.

For the reasons above given, it is our opinion that the court erred in overruling the appellant's motion for new trial. Judgment reversed with instructions to sustain the appellant's motion for new trial and for further proceedings not inconsistent with this opinion.