**REYNOLDS v. BALTIMORE & O. R. CO.**
No. 10111.

United States Court of Appeals
Seventh Circuit.

Oct. 23, 1950.

Rehearing Denied Dec. 4, 1950.

Robert C. Bulleit, Richard C. O'Connor, New Albany, Ind., Bulleit & Orbison, New Albany, Ind., of counsel, for appellant.

Frank E. Lorch, Jr., New Albany, Ind., Edward J. Bradley, Edward S. Coath, Chicago, Ill., Lorch & Lorch, New Albany, Ind., for appellee.

Before KERNER, DUFFY and FINNE-GAN, Circuit Judges.

FINNEGAN, Circuit Judge.

In this appeal the defendant-appellant seeks to reverse a judgment entered against it on the verdict of a jury in an action seeking damages for personal injuries alleged to have been sustained by the plaintiff by reason of a collision between his automobile and the locomotive of a train operated by the defendant.

No question arises on the pleadings in this case, nor is there dispute in connection with the admission or rejection of evidence. The sole contention of the appellant is that the District Court erred in denying its motion for a directed verdict on the ground that the plaintiff was guilty of contributory negligence as a matter of law.

The motion was first made at the close of plaintiff's evidence. At that time the court withheld ruling on the motion until the defendant's evidence had been heard. At the close of defendant's evidence the motion was denied and the cause committed to the jury. The jury by its verdict found for the plaintiff and assessed his damages at $10,000.

After the return of the verdict the trial court said: "This is the close of the term here. I think we had better enter judgment. It won't affect any rights you have." Defendant-appellant, through its attorney stated: "I was going to renew the motion made at the close of the defendant's evidence." The court announced: "That will be overruled and judgment entered. It won't affect any rights you have as I understand it * * *. Your motion will be overruled. There will be judgment on the verdict at this time." Subsequently, about nine days after the verdict, defendant-appellant filed its motion for a new trial which was later overruled.

In view of the contention made by appellant, a resume of the facts as shown by the record is necessary.

The complaint was originally filed in the District Court of the United States for the Northern District of Illinois, Eastern Division. Defendant, in its answer filed in that court, denied all the allegations of the complaint except those which charged its own corporate existence and residence and those which alleged the citizenship and residence of the plaintiff.

On motion of the defendant, the cause was transferred to the District Court of the United States for the Southern District of Indiana, New Albany Division, under section 1404 of title 28 of the U.S.C.A. Trial by jury was held on October 18 and 19, 1949, and resulted in the verdict and judgment heretofore referred to.

The evidence shows that a collision occurred on Indiana State Road 62, north and east of Charlestown, Clark County, Indiana, on the 11th day of April 1946, at approximately 7:30 to 7:45 P.M. At the point where the collision occurred the defendant's tracks cross said highway 62 at approximately right angles and at grade. At this point the terrain is level in the direction of defendant's tracks, while the approach to the crossing is somewhat up-grade for a distance of about 800 feet.

At the time of the accident three signs were maintained on the right-hand side of the highway, Indiana State Road 62, upon which plaintiff was driving his automobile, warning travelers on said highway of the existence of the railroad crossing. The first of these signs consisted of a circular disc warning travelers of the existence of a railroad crossing 800 feet ahead. The second was an official state highway railroad crossing sign which was so constructed that it reflected the headlights of passing vehicles. It likewise warned travelers that a railroad crossing was ahead. The third sign consisted of a standard railroad crossing (cross arm) sign and was located on the near side of the railroad crossing.

When the accident occurred it was dark and the weather was drizzly and misty, and visibility was poor. As plaintiff approached the crossing, he passed an automobile driven by Alvin Wentworth approximately 800 feet from the crossing. The Wentworth car was proceeding at approximately 30 to 35 miles per hour in the same direction as that taken by plaintiff's car. Plaintiff's car out-distanced the Wentworth car by approximately 200 feet at the time it collided with defendant's train. Plaintiff testified that he was looking straight ahead at all times immediately prior to the accident. He said his headlights were turned on and enabled him to see the roadway for about 75 feet ahead. He was traveling about 35 to 40 miles per hour. Plaintiff further testified that he saw defendant's train "just as a flash, just a split second." Then he hit something. "I never knew what it was."

The evidence shows that plaintiff crossed over this stretch of highway while the railroad crossing was under construction, and after its completion, twice daily for a period of at least one and possibly five months prior to the accident while employed at the "Rocket Plant." Plaintiff's car struck the side of the defendant's locomotive at the drive wheel. At the time of the accident the train was barely moving four or five miles per hour, and the engine was almost completely across the highway.

It is not controverted that the plaintiff was injured as a result of the collision and was obligated to pay certain medical and hospital expenses.

Since federal jurisdiction in this case depends on diversity of citizenship, we must decide it in accordance with the law of Indiana. Under that law, plaintiff as a prerequisite to recovery is required to show that at the time and place of the accident he was in the exercise of due care and caution for his own safety, or in other words, that he was free from negligence which contributed to cause the accident.

Indiana cases hold that it is negligence as a matter of law for a motorist to operate his vehicle on a highway under such conditions that he cannot see and heed warning signs erected and maintained for the protection of persons using the highways. New York C. R. Co. v. Casey, 214 Ind. 464, 14 N.E.2d 714; Opple v. Ray, 208 Ind. 450, 195 N.E. 81.

In New York C. R. Co. v. Casey, 214 Ind. 464, 14 N.E.2d 714, 717, the court said: "It is a matter of common knowledge that highways in Indiana are frequently intersected by railroads upon which long trains may stand or move. The state provides the crossing signs at the side of the road where other travel signs are maintained as a notice and direction to the drivers of automobiles. * * * Those who use the highways must take notice of such signs, and so regulate their speed that they may look and see for themselves whether a train is occupying a crossing ahead of them, just as they must look and see a stop sign on the highway indicating a preferential highway ahead."

In New York C. Ry. Co. v. Powell, 221 Ind. 321–335, 47 N.E.2d 615, 620, the court said: "Travelers approaching railroad crossings are required to exercise reasonable care for their own protection. They are required to look and listen for approaching trains, and a failure to do so is negligence, and if such negligence is a contributing cause of a collision there can be no recovery, notwithstanding the railroad company may also be guilty of negligence which was a contributing cause."

In the case at bar there is negative evidence that the railroad company failed to sound the whistle, ring the bell, or turn on its headlight attached to its locomotive as it approached the crossing, although its employees in charge of the train testified that these things were done. For the purpose of this appeal, we may assume that the railroad company might properly be found negligent in those respects. But even though the defendant was guilty of such negligence, the plaintiff could not recover if he himself was guilty of negligence contributing to the collision which caused the injury.

This record shows beyond doubt that three distinct signs giving warning of an approaching railroad crossing were maintained on the highway. They were seen by the motorist whom plaintiff passed about 800 feet before the railroad crossing. Such signs are maintained not only to remind those who are acquainted with local conditions that a railroad crossing is being approached, but also as a warning to strangers who might otherwise be totally unaware that a railroad crossed the highway they were using.

The misty or foggy condition, which apparently existed before and at the time of the accident, affords plaintiff no excuse. In the New York Central v. Powell case, above cited, the court in referring to such a situation quoted from Cleveland, C. C. & L. R. Co. v. Houghland, 44 Ind.App. 73, 85 N.E. 369, 88 N.E. 623: "If rain interfered with the normal opportunity to observe these signals of danger, it was his duty to take cognizance of the fact and to use his senses in a manner reasonably calculated to inform him of approaching danger. He was not free to drive blindly into a place of known danger."

Furthermore, it appears that at the time and place of the collision, the plaintiff was operating his automobile in violation of the statutes of the State of Indiana.

Subsections (a) and (d) of Sec. 47-2004, Burn's Indiana Statutes Annotated 1933, Replacement provide:

"(a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so restricted as may be necessary to avoid colliding with any person, or vehicle or other conveyance on or near, or entering the highway in compliance with legal requirements and with the duty of all persons to use due care."

"(d) The driver of every vehicle shall, consistent with the requirements of subsection (a), drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions."

Under the law of Indiana it is negligence, as a matter of law, to operate a motor vehicle on a highway at a rate of speed in excess of that within which the operator can bring to a stop within the range of his vision. Pitcairn et al. v. Honn, 109 Ind.App. 428, 32 N.E.2d 733; Pennsylvania R. Co. v. Huss, 96 Ind.App. 71, 180 N.E. 919; Rentschler v. Hall, 117 Ind.App. 255, 69 N.E.2d 619; Cleveland, C. C. & St. L. Ry. Co. v. Gillespie, 96 Ind.App. 535, 173 N.E. 708.

Because of the serious injuries sustained by the plaintiff, we have examined the whole record taking as true all the facts favorable to the plaintiff and drawing all inferences which might reasonably be drawn against the defendant. From such examination we are convinced that, under

the facts and circumstances disclosed in this record, plaintiff's failure to see and heed the warnings that a railroad crossing existed a short distance ahead on his line of travel, together with his failure to so operate and control his automobile that he could bring it to a stop within the range of his vision, constituted negligence as a matter of law. The conclusion that such negligence was an efficient, immediate and contributing cause of the collision that occured is inevitable, even though we accept as true the negative testimony tending to prove negligence of the defendant. In our opinion, the jury should have been instructed to find for the defendant.

The case was fully heard, the facts will not change. Upon a new trial the plaintiff could not recover. Therefore, the judgment of the District Court is reversed and the case remanded with directions to enter judgment for the defendant-appellant.