In the

# United States Court of Appeals
### For the Seventh Circuit

No. 18-2517

JA'LIN WILLIAMS,

*Plaintiff-Appellant,*

*v.*

NORFOLK SOUTHERN CORPORATION and NORFOLK SOUTHERN RAILWAY COMPANY,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 2:15-CV-00283 — **John E. Martin**, *Magistrate Judge.*

ARGUED FEBRUARY 8, 2019 — DECIDED MARCH 19, 2019

Before FLAUM, BARRETT, and SCUDDER, *Circuit Judges.*

BARRETT, *Circuit Judge.* Ja'Lin Williams was struck by a train while he and his friends were running away from a police officer. He sued the railway, which he believed was at fault for his injuries. But the district court granted summary judgment to the railway, concluding that Williams was barred

from recovery by Indiana law because he was more than 50% at fault for the accident. We agree and affirm.

I.

Seventeen-year-old Ja'Lin Williams was with a group of friends on Whihala Beach in Whiting, Indiana when a police officer told them that they had to leave or else they would be arrested for trespassing. The young men stayed behind for a few minutes after the officer left, but when he returned in his squad car, they fled on foot.

The young men approached five sets of train tracks as they were running. The set of tracks closest to them had warning gates on both sides to stop eastbound and westbound road traffic. The remaining four sets of tracks shared a pair of warning gates that stopped eastbound and westbound road traffic. Of those four, the two sets of tracks farthest from the young men were owned and operated by Norfolk Southern Corporation and the Norfolk Southern Railway Corporation (collectively "Norfolk").

As the young men were making their way across the tracks, one of Norfolk's trains approached from the southeast on the rail line farthest from them. The first boy, Antwion McGee, saw the train and sped up to cross its path before it reached him. The second, Javante Toran, saw the train and stopped in order to avoid a collision. Williams, on the other hand, did not look up and continued running. Unfortunately, his timing put him right in the train's path, and it hit him.

Williams sued Norfolk. Norfolk moved for summary judgment. The district court granted Norfolk's motion, holding that Williams was more than 50% at fault as a matter of

law and thus could not recover under Indiana law. Williams filed this appeal.

## II.

The Indiana Comparative Fault Act governs this diversity case, and it bars recovery in actions based on fault if the claimant's fault exceeds 50% of the total fault. IND. CODE § 34-51-2-6 (2013). The district court concluded that there was no dispute of material fact because no fact finder could reasonably conclude that Williams bore 50% or less of the relative fault. We agree.

Williams insists that his own testimony, not to mention the testimony of his friends, illustrates that there are material disputes of fact that justify sending this case to a jury. He emphasizes that he did not recall seeing flashing lights ahead of him as he ran, nor the light of the train itself. He states that he did not hear the train's horn, bells, or any other sounds indicating that a train was approaching. Toran and McGee likewise profess not to have observed various warnings that a train was coming.

This testimony might have created a material issue of fact if this case were a battle of eyewitnesses. But "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). And here, the young men's testimony is blatantly contradicted by video evidence. The video plainly shows that the train's horn and bells were sounding and that its lights were on. It shows that, before reaching the train, the young men ran past flashing lights.

And it shows that the gate on the other side of the track was down, that it had lights that faced the young men, and that those lights were flashing. We thus treat these facts as established and analyze the extent of Williams's fault in light of them.

*Reales v. Consolidated Rail Corp.* controls. 84 F.3d 993 (7th Cir. 1996). There, a girl was struck by a train and killed. The court held that she was more than 50% at fault as a matter of law because it was undisputed that the crossing gates were down, the flashing lights were activated, witnesses heard the train sound, and witnesses saw her hesitate but then proceed around the gate. *See id.* at 997. Like the plaintiff in *Reales*, Williams had more than sufficient warning of the train's approach. He simply failed to heed it.

The fault for the collision therefore lies with Williams. He failed to take even the smallest of precautions—looking up in the face of the warnings—to avoid being struck. And Indiana law establishes that a train operator has no duty to reduce a train's speed if he sees a person crossing. *Ohio & M. Ry. Co. v. Walker*, 15 N.E. 234, 237 (Ind. 1888). He is entitled to presume that the person will take the necessary steps to avoid injury, unless he has "good reason to suppose that such persons are unconsciously in peril, or disabled from avoiding it." *New York Cent. R. Co. v. Casey*, 14 N.E.2d 714, 717 (Ind. 1938). Williams suffered from no such disability, and given the many warnings that were present, the train crew was entitled to presume that he was not unconscious of the train's approach. It didn't become clear that Williams wouldn't stop—like his friend Toran did—until the moment before the collision, and by then it was far too late to meaningfully slow the moving train. Under Indiana law, Williams is more than 50% at fault

for his injuries. We therefore AFFIRM the district court's grant of summary judgment to Norfolk.